**SO ORDERED.**

**SIGNED this 17 day of March, 2010.**



*Dale L. Somers*
**Dale L. Somers**
**UNITED STATES BANKRUPTCY JUDGE**

_____

OPINION DESIGNATED FOR ON-LINE USE AND PRINT PUBLICATION
IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

**In re:**

**TEJA QIWANI GUINEVER CURRY and
KEVIN LYNN CURRY,**

                        **DEBTORS.**

**CASE NO. 9-22214
CHAPTER 13**

### MEMORANDUM OPINION AND ORDER OVERRULING DEBTORS' OBJECTIONS TO CLAIM NUMBERS 14 AND 15

The matters before the Court are Debtors' objections to claim numbers 14 and 15, filed by American Express Centurion Bank. Debtors Teja and Kevin Curry appear by their counsel, Jonathan C. Becker. American Express Centurion Bank (hereafter "American Express") appears by Ronald S. Weiss, of Berman, DeLeve, Kuchman & Chapman, L.C., and Becket & Lee, LLP. There are no other appearances. The Court has jurisdiction.[1]

---

[1] This Court has jurisdiction pursuant to 28 U.S.C. § 157(a) and §§ 1334(a) and (b) and the Standing Order of the United States District Court for the District of Kansas that exercised authority conferred by § 157(a) to refer to the District's Bankruptcy judges all matters under the Bankruptcy Code and all proceedings

The parties filed a joint stipulation of facts and briefs in support of their respective positions. Having reviewed these materials and the challenged proofs of claim, the Court overrules the objections and finds that documentation submitted with the proofs of claim sufficient.

**FINDINGS OF FACT.**

The stipulated facts are as follows:

1. On July 14, 2009, Teja and Kevin Curry ("Debtors") filed a voluntary petition under Chapter 13, Title 11 of the United States Code and relief was ordered thereon.

2. The meeting of creditors, pursuant to 11 U.S.C. § 341(a), was held on August 12, 2009 (Docket No. 27).

3. On September 3, 2009, American Express timely filed two general unsecured claims in the amounts of $8,699.43 and $20,360.39 for the unpaid pre-petition charges incurred on Debtor Teja Curry's credit card account numbers ***********2007 and ***********1007, respectively. The claims are designated as Claim Numbers 14 and 15 ("Claims 14 and 15"), respectively, on the Court's Claims Register. Attached to each claim was the corresponding latest pre-petition American Express account statement.

4. On their Schedule F of unsecured claims, the Debtors list two debts owed to American Express without dispute using the same redacted account numbers as those listed on Claims 14 and 15. The debt represented by Claim 14 was scheduled in the amount of $8,699.00 and the debt represented by Claim 15 was scheduled in the amount of $21,143.75.

---

arising under the Code or arising in or related to a case under the Code, effective July 10, 1984. Objections to proofs of claim are core proceedings which this Court may hear and determine as provided in 28 U.S.C.§ 157(b)(2)(B). There is no objection to venue or jurisdiction over the parties.

2

Case 09-22214    Doc# 109    Filed 03/17/10    Page 2 of 12

5. On September 17, 2009, Debtors filed Objections to Claims 14 and 15 alleging that the claims' supporting documentation was insufficient pursuant to the holding in *Caplan v. B-Line, LLC* (*In re Kirkland*), 572 F.3d 838 (10th Cir. 2009). The Debtors requested that the claims be disallowed.

6. On October 1, 2009, counsel for American Express transmitted by electronic mail to the Debtors' counsel additional account statements, dated April 9, 2008 through January 8, 2009 for Claim 14, and March 20, 2008 through January 19, 2009 for Claim 15.

7. On October 6, 2009, both claims were amended by the attachment of these statements, and numbered in the Court's Claims register as Claim 14-2 and Claim 15-2, respectively.

**THE POSITIONS OF THE PARTIES.**

Debtors allege that American Express' proofs of claim, as originally filed, and as amended, fail to comply with Bankruptcy Rule 3001(c)[2] and therefore do not have prima facie validity. Specifically, Debtors complain that the proofs of claim are not "supported by any written evidence of an enforceable agreement or a contract that establishes the debt between the debtor and creditor,"[3] and "does not satisfy the requirements to prove the contents of a writing as set forth in 11 U.S.C. § 502(b)(1)."[4] Debtors object to the amount of the debt alleging that the proofs of claim fail "to include a itemized written statement of the account and fails to list

---

[2] Fed. R. Bankr. P. 3001(c). Future references to the Bankruptcy Rules in the text shall be cited as "Rule __."

[3] Docs 47 and 49.

[4] *Id.*

3

interest and other charges along with payments made."[5] In support of the foregoing, Debtors rely upon the Tenth Circuit Court of Appeals decision in *In re Kirland.*[6] Debtors also assert that American Express' amended proof of claims should be disallowed on procedural grounds.[7] American Express responds that its proofs of claim command *prima facie* validity because they are properly and fully supported by sufficient documentation and that it properly amended its proofs of claim. It distinguishes *Kirkland* and relies upon a prior decision of this Court, *In re Osborne*.[8]

**ANALYSIS.**

**A. Bankruptcy Rule 3001 and Form 10 govern the filing of proofs of claim.**

Section 501(a)[9] provide that a creditor having a claim may file a proof of claim in a debtor's case. "A proof of claim is the creditor's statement as to the amount and character of the claim."[10] In a Chapter 13 case, an unsecured creditor must file a proof of claim to participate in distribution of the estate.[11] A proof of claim executed and filed in accordance with the bankruptcy rules constitutes *prima facie* evidence of the validity and amount of the claim.[12]

---

[5] *Id.*

[6] *Caplan v. B-Line, LLC (In re Kirkland)*, 572 F.3d 838 (10th Cir. 2009).

[7] Doc. 72.

[8] *In re Osborne*, case no. 03-25176 (Bankr. D. Kan. April 25, 2005)(Somers, J.). At the time this case arose, *Osborne* was available on the Court's website as an opinion prior to March 2008 but was not available on WestLaw. It is now available on WestLaw as 2005 WL 6425053.

[9] 11 U.S.C. § 501(a). Future references to Title 11 in the text shall be to Code section only.

[10] *Agricredit Corp. v. Harrison (In re Harrison)*, 987 F.2d 677, 680 (10th Cir. 1993).

[11] Fed. R. Bankr. P. 3002(a).

[12] Fed. R. Bankr. P. 3001(f).

4

Absent proper objection, a *prima facie* claim is deemed allowed,[13] and if there is an objection, the objecting party has the burden of going forward with evidence supporting the objection.[14]

Rule 3001 states the procedure for preparing and filing a proof of claim. The relevant portions of the rule are as follows:

> (a) Form and Content. A proof of claim is a written statement setting forth a creditor's claim. A proof of claim shall conform substantially to the appropriate Official Form.
>
> (c) Claim Based on a Writing. When a claim, or an interest in property of the debtor securing the claim, is based on a writing, the original or a duplicate shall be filed with the proof of claim. If the writing has been lost or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the claim.

The official proof of claim form is Form 10. The Form is entitled to the same deference and weight as the Bankruptcy Rules.[15] In paragraph 7, Form 10 states:

> 7. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. . . .
>
> DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
>
> If the documents are not available, please explain.

Paragraph 7 of the instructions to Form10, provides:

---

[13] 11 U.S.C. § 502(a).

[14] *In re Broadband Wireless Int'l Corp.*, 295 B.R. 140, 145 (10th Cir. BAP 2003).

[15] *In re Cluff*, 313 B.R. 323, 335 n.37 (Bankr. D. Utah 2004).

Attach to this proof of claim form redacted copies documenting the existence of the debt and of any line securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). . ..

**B. The initial proofs of claim had sufficient documentation attached.**

Debtors' first objection to proofs of claim numbers 14 and 15 filed by American Express is that they did not include all documentation required. The initial claims included account statements for the period immediately prepetition. The amended proofs of claim included account statements for several months. Debtor objects that they did not include verification of ownership of the claim and a copy of the credit card agreement. American Express responds that the account statements are sufficient.[16]

"Filing proofs of clam is routine in any bankruptcy case and is supposed to be easy."[17] Nevertheless, the application of the foregoing standards to particular proofs of claim has spawned much litigation. "These cases demonstrate that complying with the Bankruptcy Code's and Bankruptcy Rules' requirements for proofs of claim can be confusing,"[18] and "courts often disagree on what supporting documents a creditor is required to attach to a proof of claim . . .."[19]

---

[16] American Express requests an award of attorney fees under § 105, stating that the proceeding pursuant to Rule 9011 was not possible, given the time constraints of this case. Although the Court agrees that Debtors' arguments are not well founded, it declines to award fees, particularly because this Court's decision in *Osborne* was not published and when this case arose was not easily available on the Bankruptcy Court's website.

[17] R. Adam Swick, *Filing a Proof of Claim: A Simple Procedure or a Complicated Mess?* 28 Am. Bankr. Inst. J. 22 (2009).

[18] *Id.*

[19] *Id.*

6

Case 09-22214    Doc# 109    Filed 03/17/10    Page 6 of 12

The Tenth Circuit Court of Appeals in *Kirkland*[20] recently held that the attachment of supporting documents, or at least an explanation for failure to provide such support, is absolutely necessary to an effective proof of claim based upon a writing. When debtor Kirkland filed for relief, his schedule of unsecured creditors included a $5,004 credit card debt owed to "Nextcard" associated with an account ending with 2787. NextBank, N.A./B-Line, LLC filed a proof of claim for a $5,328.19 credit card debt associated with an account number ending with 2787, but never included any supporting documentation. The bankruptcy court sustained an objection to the claim, the BAP reversed, and the Tenth Circuit reversed the BAP and reinstated the bankruptcy court decision. The court of appeals succinctly stated its reasoning as follows:

> The bankruptcy court appropriately determined that because B-Line bore the burden of proof for its claim and failed to meet its burden, its claim was disallowed. *See In re Kirkland*, 361 B.R. at 205. The plain language of the Bankruptcy Code and its associated procedural rules support the court's ruling. The Bankruptcy Code provides that "[a] creditor ... may file a proof of claim." 11 U.S.C. § 501(a). Because the code does not define "proof of claim," we look to the Federal Rules of Bankruptcy Procedure. "A proof of claim is a written statement setting forth a creditor's claim.... [It] shall conform substantially to the appropriate Official Form." Fed. R. Bankr.P. 3001(a). The relevant form is Official Form 10, which requires a claimant to "[a]ttach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements." Fed. R. Bankr.P. Official Form 10. Form 10 also instructs a claimant that "[i]f the documents are not available, please explain." Id. When a proof of claim is executed and filed in accordance with the provisions of Rule 3001 (including Official Form 10), it "constitutes prima facie evidence of the validity and amount of the claim." Fed. R. Bankr.P. 3001(f).

---

[20] *In re Kirkland*, 372 F.3d at 838.

> B-Line has failed to produce a single document to support
> its proof of claim. B-Line has also failed to explain its failure to
> provide supporting documentation. Although the bankruptcy court
> took judicial notice of the Debtor's appended schedules of
> unsecured creditors, it correctly determined that the schedules
> were of no evidentiary value against the Trustee. Therefore,
> B-Line has failed to present "prima facie evidence of the validity
> and amount of the claim." *Id.* . . . Had the bankruptcy court
> allowed B-Line's claim despite B-Line's failure to provide either
> supporting evidence or an explanation for its failure to provide
> supporting evidence, the burden would have improperly rested
> with the Trustee to disprove an unsubstantiated claim.[21]

Thus, *Kirkland* answers "no" to the question whether a credit card creditor may rely upon the debtor's schedule of unsecured debts. When filing a proof of claim, a credit card creditor whose claim is listed on the schedules must provide supporting documentation, or at least an explanation why such documents are not provided.

However, contrary to Debtors' position, *Kirkland* is of limited help in this case where American Express did attach documentation to its original and amended proofs of claim. It did not rely solely upon the Debtor's schedule.

The question of what documentation a credit card company must attach to a proof of claim was before this Court in *Osborne*,[22] decided in 2005. As to the documentation which must be attached to a credit card company's proof of claim, this Court stated:

> This Court . . . holds that a claim held by a credit card
> company is based upon a writing, that the writing evidencing the
> claim includes the credit card account agreement and the writings
> generated for each unpaid transaction. Such writings are
> voluminous, thereby allowing the creditor to attach a summary to
> its proof of claim. The credit card creditor need not attach a copy

---

[21] *Id.*, 572 F.3d at 840-41.

[22] *In re Osborne*, 2005 WL 6425053, case no. 03-25176 (Bankr. D. Kan. April 25, 2005)(Somers, J.).

8

of the account agreement.  This Court further holds that the
summary may consist of either:  (i) The last billing statement sent
to the debtor before the date of filing, if that the statement includes
the debtor's name, the account number, and the prepetition account
balance which the creditor claims is due; or (ii) a computer
generated statement of the debtor's account containing the
foregoing information.  Unlike other courts, this Court holds that
the summary need not include the annual percentage rate or the
outstanding finance charge on the date of the last statement.  In
chapter 7 and chapter 13 cases where the unsecured credit card
creditor is not entitled to postpetition interest, this information has
no value.

A creditor's use of the summary discussed above imposes
upon the creditor an obligation to provide a copy of the credit card
agreement and further detail concerning the amount due upon
request by a person entitled to such information, such as the
Trustee or the Debtor.  The proof of claim should include a phone
number to request additional information.[23]

This Court's analysis in *Osborne* is consistent with *Kirkland*.  Neither Debtor nor this Court's own research has revealed any reason why *Osborne* is not good law.  Although Form 10 has been amended since *Osborne* was decided, the Court finds that the changes are minor and not material to the issue before the Court.[24]

---

[23] *Id*., at p. 10.

[24] When *Osborne* was decided Form 10 provided the following regarding documentation:

> Supporting Documents: *Attach copies of supporting documents*, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of liens. DO NOT SEND ORIGINAL DOCUMENTS.  If the documents are not available, explain.  If the documents are voluminous, attach a summary.

The instructions on the reverse side of the proof of claim form included the following regarding supporting documents:
> You must attach to this proof of claim form copies of documents that show the debtor owes the debt claimed, or, if the documents are too lengthy, a summary of those documents. If documents are not available, you must attach an explanation of why they are not available.

9

The Court will therefore follow *Osborne* as to the documentation which must be attached to a proof of claim filed by a credit card company where there has been no transfer of the claim. In this case, the initial proofs of claim had attached to them an account statement which contained all of the information required under the foregoing standard. The attachment to proofs of claim numbers 14 and 15, as initially filed, included the Debtor's name, the account number, and the amount due. Each of the proofs of claim identified the creditor and included a phone number to contact the creditor or a representative of the creditor. The initial proofs of claim satisfied Rule 3001, and for the same reasons, the amended proofs of claim, which had additional documentation attached, were also sufficient.

**C. American Express was not required to itemize principal, interest, and other charges in its proofs of claim.**

Debtors' second objection to the form of the proofs of claim is that they failed to "include a itemized written statement of the account and . . . to list interest and other charges with payments made." This issue was also thoroughly addressed by *Osborne*, where the Court stated:

> This Court holds that a proof of claim filed for a credit card debt is not required to include an itemized statement of all interest and additional charges, even though finance charges are included in the amount of the claim. Credit card finance charges are calculated periodically on the unpaid principal balance, which principal balance generally includes any finance charges from prior periods which have not been paid. *See* 12 C.F.R 226.5a(g) (defining balance computation methods for purposes of Reg Z); K.S.A. 2004 Supp.16a-1-301(1) (defining actuarial method). In other words, finance charges are capitalized or compounded. This is in contrast to many loans, such as closed end bank loans, where interest accrues only on unpaid principal. Although such lenders maintain separate accountings of outstanding principal and interest, credit card

---

As to the issues in this case, there have been no material changes in the form.

10

companies generally do not do so for open end credit. Further, for purposes of the allowance of unsecured claims, the Code makes no distinction between principal and accrued finance charges. An itemized statement of all interest and additional charges in not required.[25]

For the same reason, in this case, American Express was not required to provide an itemized statement of interest and additional charges.

**D. American Express' amended proofs of claim were properly filed.**

Debtors argue that the filing of the amended proofs of claim violated Rule 3006, because leave of court was not obtained after notice and hearing. The rule relied upon has nothing to do with this case. Rule 3006 requires court approval for withdrawal of proofs of claim if, after filing of the claim, an objection has been filed, an adversary complaint has been filed against the creditor, the creditor has accepted or rejected the plan, or has otherwise participated significantly in the case. These are situations that may involve issues of jurisdiction over the claimant or reliance on the proof of claim. The issue here is amendment, not withdrawal, of the proofs of claim and there are no jurisdictional or reliance concerns.

The Tenth Circuit Court of Appeals has stated: "Ordinarily, amendment of a proof of claim is freely permitted so long as the claim initially provided adequate notice of the existence, nature, and amount of the claim as well as the creditor's intent to hold the estate liable."[26] There is no requirement in Code or the Rules that court approval be obtained before the filing of an amended proof of claim. A frequent concern is whether the amendment is truly a new claim, filed under the guise of an amendment after the bar date. That is not a concern here. The

---

[25] *In re Osborne*, 2005 WL 6425053, case no. 03-25176, p. 12 (Bankr. D. Kan. April 25, 2005)(Somers, J.) (footnote in original has been moved to the text).

[26] *Unioil, Inc. v. H.E. Elledge (In re Unioil, Inc.)*, 962 F.2d 988, 992 (10th Cir. 1992).

11

amended proofs of claim were filed for the same amounts as the original proofs of claim; the only differences were the addition of more monthly account statements. The filing of the amended proofs of claim did not violate Rule 3006.

**CONCLUSION.**

For the foregoing reasons, the Court finds American Express' initial proofs of claim complied with the Code and applicable rules. It also finds that American Express' amended proofs of claim were properly filed. American Express' proofs of claim are entitled to *prima facie* validity. The Court therefore denies Debtors' request that Claims 14 and 15 be stricken.

The foregoing constitute Findings of Fact and Conclusions of Law under Rules 7052 and 9014(c) of the Federal Rules of Bankruptcy Procedure which make Rule 52(a) of the Federal Rules of Civil Procedure applicable to this matter. A judgment based upon this ruling will be entered on a separate document as required by Federal Rule of Bankruptcy Procedure 9021 and Federal Rule of Civil Procedure 58.

**IT IS SO ORDERED.**

###